NO. 7621.

AMERICAN BREWING CO.

VS

LOUIS ARTIQUES.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

# 7621

OPINION.

By his Honor John St. Paul.

Plaintiff acquired a mortgage and <u>vendor's lien</u> upon defendant's property, and thereby a lien on the fire insurance covering same (Act 263 of 1914 p. 559)

The property was damaged by fire, and plaintiff collected the amount of the loss; which (with the consent of defendant) it imputed to the partial extinguishment of a certain open account due it by defendant.

Bendish & Hernandez were employed to repair the fire damage and started to do so. When they had practically completed the work (that is to say $242 out of $295) another fire occurred; and again plaintiff collected the amount of the loss. This amount it now imputed (with the consent of defendant) in part to the final extinguishment of the open account, and the rest upon the mortgage note.

Plaintiff then foreclosed, but the proceeds of sale did not suffice to extinguish both the mortgage, and the lien which Bendish & Hernandez had in the meantime recorded against the property; whereupon plaintiff took this rule to cancel the latter's lien on the ground that it was not recorded in time to prime plaintiffs' claim.

II.

It is quite true that Bendish & Hernandez failed to record their lien in time to give it preference over pre-existing encumbrances. But the circumstances under which that occurred were as follows;

1. The contract for repairs was made not only with the defendant, but <u>plaintiff itself was a party thereto.</u>

2. Bendish & Hernandez were called upon by plaintiff (in making proofs of loss for the second fire) to make proof concerning the work done by them; and that work was taken into consideration in adjusting the loss.

3. The proofs of loss furnished by Bendish & Hernandez were made after a promise to pay by plaintiff's secretary; and only upon

40

an express promise by plaintiff's attorney that the claim would be paid out of the insurance money.

This was the testimony given in open court (with the written contract before it, addressed to the *plaintiff* ~~defendant~~) and is absolutely uncontradicted, but on the contrary practically admitted; and evidently relying upon these promises, Bendish & Hernandez did not record their claim, but waited to be paid.

### III.

Thereafter plaintiff collected the insurance money, without the knowledge of Bendish & Hernandez; and then flatly refused to pay the latter, who then (and then only) proceeded to record their claim.

### IV.

As plaintiff was a party to the contract with Bendixh & Hernandez there was no need for the latter to record it so as to affect plaintiff.(C. C. 3274)

But even if plaintiff had not been a party to the contract the course it pursued was such that it is now estopped from setting up the want of registry. For where a person leads another into the belief that his claim is safe without the necessity of recording same, he at least cannot thereafter complain of the want of registry and draw for himself any advantage therefrom. Burdeau vs Dorsey, 7 Orleans Appeals 360; Mc Duffie vs Walker, 125 La 152.

The judgment of the court below(based upon other considerations not pertinent now) ordered the cancellation of the inscription purely and simply. Hence it must be amended by providing for the payment of the claim.

Since the above was written we notice that we erroneously stated that part of the insurance money was imputed to the mortgage note. This was error; on the contrary, plaintiff having received $1595 imputed only $1300 to the open account, which left $295 in suspense, being exactly the amount of the Bendish claim. This confirms us in the conclusion that plaintiff first meant to pay the claim, and actually reserved the money to do so.

41

It is therefore ordered that the judgment appealed from be amended by adding thereto that the Civil Sheriff be directed to pay to Bendish & Mernandez, out of the proceeds of sale now in his hands, the sum of Two Hundred and forty two Dollars ($242) and the costs of these proceedings; and as thus amended the judgment is affirmed.

New Orleans La, November 24th= 1919.

---

O N A P P L I C A T I O N F O R R E H E A R I N G.

Per Curiam;

His Honor John St. Paul Judge.

Plaintiff asks for a rehearing because (quoting from the brief), "This was a rule to cancel a mechanics lien against the mortgaged property. The lien was claimed under a contract with the owner of the property. The court was asked to decide whether there was a lien, and both sides conceded this was the issue . Your Honors have decided a wholly different question, as is evidenced by the syllabus of the opinion. x x x x The American Brewing CO. was not a party to this contract, although the court has unconditionally made the statement that it was. x x x x"

The first paragraph of our syllabus reads; "As between parties to a contract, registry thereof is not required;";in support of which we cited C. C. 3274

We did state that "plaintiff was a party to the contract," and we made that statement upon the uncontradicted testimony of the Claimant (Bendishh, p. 13 and again p. 3) that the contract was "addressed to the Brewery", that the Brewery through its Secretary, "had a copy of it." This contract was signed by Bendisch and by Artiques, and was sent to the ##### Brewery for signature by it, because (in the language of the brief) the Brewery "had an interest as a mortgagee in seeing that the contract was completed", and because it had collected, or was about to collect from the underwriters, the cost of the very repairs to be made by Bendisch. If the Brewing Company did not sign the contract, it was only an oversight, and its signature thereto was wholly unnecessary when it permitted the work to go on under that contract.

43

For Bendish had a right to believe, and did believe, that the insurance money was to be used to pay the repairs which he was about to make, for the benefit and with the knowledge of the Brewery.

Nor was that belief unfounded, for according to the incontradicted testimony of Artiques the Brewery collected $1595 of insurance, according to the testimony of Boulet only $1300 was imputed to the open account, and the note and pleadings show that the balance of $295 was not inputed on this last account. So that the $295 *(which is so exactly the amount of Bendisch's contract)* was therefore never imputed to either account, but held apart for some purpose which could be none other than the payment of this claim.

We think these circumstances warrant the finding of an implied (if not express) promise on the part of plaintiff to pay Bendisch for the work, out of the money collected from the insurance company for that purpose, and hence plaintiff "was a party to the contract".

The question "whose credit was pledged" on a contract, is one depending on the particular circumstances of each case. Campbell vs Nicholson, 12 Rob 428.

Rehearing refused.

New Orleans La, January 12th, 19120